IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BROOKE L MORRIS** )<br>)<br>Plaintiff, )<br>) Civil Action No. 3:15-CV-01067<br>v. )<br>)<br>**MEDICAL DATA SYSTEMS, INC, d.b.a.** )<br>**MEDICAL REVENUE SERVICE** )<br>)<br>)<br>Serve at: )<br>Illinois Corporation Service Co )<br>801 Adlai Stevenson Drive )<br>Springfield, Illinois 62703 )<br>)<br>Defendant. )  **JURY TRIAL DEMANDED** | |

## COMPLAINT

COMES NOW, Plaintiff, and for her Complaint states as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. Plaintiff demands a trial by jury on all issues so triable.

### JURISDICTION

3. This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d) because the illicit collection activity was directed at Plaintiff in Troy, Illinois. Venue is also appropriate for this reason.

### PARTIES

4. Plaintiff is a natural person currently residing in Troy, Illinois. Plaintiff is a "consumer" within the meaning of the FDCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

5. Defendant is an foreign company with its principal place of business in Vero Beach, Florida. The principal business purpose of is the collection of debts in Illinois and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collectors" as defined by the FDCPA. 15 U.S.C. 1692a (6).

## FACTS

7. Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

8. On or about July 27, 2015 Plaintiff received a phone call from Defendant attempting to collect a debt due to Barnes-Jewish Hospital in the amount of $2,050.99.

9. Defendant told Plaintiff that payment of the debt was due immediately.

10. Specifically, Defendant told Plaintiff that she and her husband had "available credit" and should be able to pay the debt.

11. Defendant sent Plaintiff a letter dated July 30, 2015. The July 30th letter explained that Plaintiff had 30 days from the date of receipt to dispute and/or request validation pursuant to 15 USC 1692 g. **Exhibit 1.**

12. Defendant sent another letter to Plaintiff dated August 7, 2015. The August 7th letter stated the following:

> When we accepted the partial payment arrangement on your account, we did so because you confirmed the validity of the debt and you represented that you would keep your payments up to date. You have failed to continue making payments as agreed, therefore, the repayment arrangement is now void and the Total Amount Due indicated is now due. **Exhibit 2.**

13. Plaintiff never entered into a repayment agreement with Defendant and did not confirm the validity of the debt.

14. Defendant's collection activity has overshadowed Plaintiff's dispute rights and is a violation of federal law.

15. Defendant sent a third collection letter to Plaintiff dated August 17, 2015.  The August 17th letter provided Plaintiff with a settlement offer.  **Exhibit 3.**

16. Defendant's collection activity has overshadowed Plaintiff's dispute rights and is a violation of federal law.

17. Plaintiff called Defendant on September 15, 2015 to get further information. During that call, Defendant answered the call as "The Business Office" and never gave its proper name.

18. During the September 15th phone call, Plaintiff requested an itemization of the charges Defendant was trying to collect.  Defendant stated that it would send the itemization to Plaintiff.

19. Defendant sent a fourth collection letter to Plaintiff dated September 17, 2015. The September 17th letter stated the following:

> When we accepted the partial payment arrangement on your account, we did so because you confirmed the validity of the debt and you represented that you would keep your payments up to date.  You have failed to continue making payments as agreed, therefore, the repayment arrangement is now void and the Total Amount Due indicated is now due.  **Exhibit 4.**

20. Plaintiff never entered into a repayment agreement with Defendant and did not confirm the validity of the debt.

21. Plaintiff never entered into any agreement whereby she consented to arbitrate disputes between herself and Defendant.

22. Defendant's collection attempts have caused Plaintiff to incur actual damages including but not limited to anxiety and worry.

## COUNT I: VIOLATION OF THE FDCPA

23. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

24. In their attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

    a. Demand for payments that overshadow Plaintiff's dispute rights. 15 U.S.C. § 1692g.

    b. Using false, deceptive, or misleading representations or means in connection with the debt collection. 15 U.S.C. § 1692e preface and e(10).

    c. Engaging in false, deceptive, harassing, and unfair conduct in the collection of a debt. 15 U.S.C. § 1692d-f.

    d. Failing to disclose its proper name during a phone call. 15 U.S.C. § 1692d(6).

WHEREFORE, Plaintiff respectfully requests that the Court certify the above-proposed FDCPA classes, appoint the undersigned as class counsel, and also request that judgment be entered against Defendant for:

    A. Judgment that Defendants' conduct violated the FDCPA;

    B. Actual damages only in the event the proposed classes are not certified;

    C. Release of the alleged debt;

    D. Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

    E. For such other relief as the Court may deem just and proper.

**THE EASON LAW FIRM, LLC**

/s/ James W. Eason

_____
**JAMES W. EASON, #6281329**
**124 Gay Avenue, Suite 200**
**St. Louis, Missouri 63105**
**Phone: (314) 932-1066**
**Fax:    (314) 667-3161**
**Email: james.w.eason@gmail.com**